**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Andrew Bonner <br> <u>Debtor(s)</u> | CHAPTER 13 |
| U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Trust 2007-S3 Mortgage Pass-Through Certificates <br> <u>Moving Party</u> <br> vs. | NO. 24-10421 AMC |
| Andrew Bonner <br> <u>Debtor</u> <br> Jane E. Bonner <br> <u>Co-Debtor</u> | 11 U.S.C. Sections 362 and 1301 |
| Scott F. Waterman <br> <u>Trustee</u> | |

**CONSENT ORDER ON MOTION FOR RELIEF FROM STAY**
**AND CO-DEBTOR STAY**

1. The above-styled Motion having been scheduled for a hearing before the Court on December 11, 2024, upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

3. FURTHER ORDERED that as of December 2, 2024, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal & Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 2 | October 2024 | November 2024 | $1,896.35 | $1,050.54 | $2,946.89 | $5,893.78 |
| Less post-petition partial payments (suspense balance) | | | | | | ($99.47) |

**Total: $5,794.31**

4. This arrearage shall be paid as follows:

    a) Within seven (7) days of the filing of this Stipulation, Debtor is ordered to pay the total post-petition arrearage totaling a sum **$5,794.31** by amending the Bankruptcy plan.

5. Regular payments in the amount of **$2,946.89** to be paid on or before **December 1, 2024**, and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s) and attorney for Debtor(s), and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a certification of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

9. **FURTHER ORDERED** that there having been no appearance by the Co-Debtor, the Motion for Relief from the Co-Debtor Stay is ***granted***.

CONSENTED TO BY:

Date:   December 5, 2024              /s/ Denise Carlon
                                      Denise Carlon, Esq.
                                      Attorney for Movant


Date: 12/20/24
                                      Lawrence S. Rubin Esq.
                                      Attorney for Debtor(s)


Date: 12/16/2024                       /s/ Ann Swartz
                                      Scott F. Waterman
                                      Chapter 13 Trustee


Approved by the Court this  2 nd   day of   Jan        , 2025.  However, the court retains discretion regarding entry of any further order.

                                      Bankruptcy Judge
                                      Ashely M. Chan